UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA NEMCIK,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN KRIPPENDORF, et al.,<br><br>    Defendants. | Case No. 19-cv-05667-EMC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>Docket No. 11 |

Plaintiff Tanya Nemcik, proceeding pro se, initiated this lawsuit in September 2019. Judge Spero granted Ms. Nemcik's application to proceed in forma pauperis ("IFP") but recommended that her complaint be dismissed for lack of subject matter jurisdiction. Judge Spero also recommended that Ms. Nemcik be given leave to amend. The Court adopted the report and recommendation and gave Ms. Nemcik an opportunity to file an amended complaint. Ms. Nemcik has now done so, and, because of Ms. Nemcik's IFP status, the Court now reviews the pleading pursuant to 28 U.S.C. § 1915(e). For the reasons discussed below, the Court concludes that Ms. Nemcik has failed to state a claim for relief and therefore dismisses the first amended complaint.

## I.     DISCUSSION

This case, like several others filed in this District, relates to custody proceedings in state court. *See Nemcik v. Mills*, No. C-16-0322 BLJ (N.D. Cal.); *Nemcik v. Contra Costa Superior Court*, No. C-16-1423 CRB (N.D. Cal.); *Nemcik v. San Mateo Police Dep't*, No. C-16-2777 JD (N.D. Cal.); *Nemcik v. Fannin*, No. C-18-5120 JST (N.D. Cal.). Here, Ms. Nemcik has sued Santa Clara County and its Department of Family & Children's Services ("DFCS"); the City of Palo Alto and its Police Department; and Brian Krippendorf (the father of her children). According to

Ms. Nemcik, Defendants have violated 42 U.S.C. § 1983 in multiple ways.

A.  First Cause of Action

In the first cause of action, Ms. Nemcik's main claim is that the County and DFCS did not adequately investigate issues related to her children – including one child's medical health – and suggests that there was inadequate training of social workers. The Court dismisses this cause of action based on failure to state a claim for relief. Ms. Nemcik has not identified any federal right that has been violated, which is a necessary predicate for a § 1983 claim. *See Galen v. Cty. of L.A.*, 468 F.3d 563, 572 (9th Cir. 2006) (noting that "[s]ection 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law"). There is also a question as to whether Ms. Nemcik has standing to assert the claim; arguably, any harm was done to her son and not to her specifically. To the extent Ms. Nemcik claims to be bringing a claim on behalf of her son, she does not appear to be his general guardian, nor has she been appointed his guardian ad litem. *See* Fed. R. Civ. P. 17(c) (providing that a general guardian "may sue . . . on behalf of a minor"; also providing that "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem"). And even if she had, a lawyer would still be needed to represent her son. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("hold[ing] that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").

B.  Second Cause of Action

In the second cause of action, Ms. Nemcik asserts that both (1) the County and DFCS and (2) Mr. Krippendorf (the father of her children) have defamed her. Even if the Court were to assume a federal right was at issue here,[1] the cause of action still fails to state a claim for relief.

---

[1] *See Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002) (stating that "injury to reputation standing alone does not violate the Due Process Clause of the Fourteenth Amendment" because "one's interest in reputation standing alone is neither liberty nor property guaranteed against state deprivation without due process of law"; "[r]ather, due process protections apply only if a plaintiff is subjected to stigma plus; i.e., if the state makes a charge against [a plaintiff] that might seriously damage his standing and associations in the community, and 1) the accuracy of the charge is contested, 2) there is some public disclosure of the charge, and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law") (internal quotation marks omitted).

2

First, as to the County and DFCS, Ms. Nemcik claims that they "falsely wrote reports that Plaintiff was accusing Brian Krippendorf of sexual abuse." FAC ¶ 30. According to Ms. Nemcik, it was actually a third party (a therapist named Barbara Peppin) who accused Mr. Krippendorf of sexual abuse. *See* FAC ¶ 12. But based on the Court's review of Ms. Nemcik's supporting documents, the County or DFCS *itself* did not contend Ms. Nemcik had made a claim of sexual abuse. Rather, at most, the County or DFCS simply noted that *another person* had reported abuse and *that person* claimed Ms. Nemcik had implicated Mr. Krippendorf. The following is the statement that the County or DFCS provided with respect to a child welfare referral that had been made in September 2009:

> Sexual abuse of [T.K.], and at risk, sibling abused, regarding [C.K.], by Brian Krippendorf was evaluated out. It was reported that Ms. Nemcik witnessed [T.K.] trying to put a toy in [C.K.'s] "butt." **The RP [Reporting Party] did not know who the perpetrator was, but stated that Ms. Nemcik believed it was Mr. Krippendorf** as [T.K.] pulled down his pants and started "playing with his penis when he saw" Mr. Krippendorf. The RP stated that when specifically asked if anyone touched his private area," [T.K.] did not say anything; he was three at the time. The referral was evaluated out as Ms. Nemcik had obtained "a 7 day temporary custody" order and the incident was being investigated by the police.

Pl.'s FAC, Ex. N at 298 (emphasis added).

Second, as to Mr. Krippendorf, Judge Spero previously explained that he is a private actor and thus cannot be sued for a violation of § 1983 absent, *e.g.*, joint action with the state or its agents. *See* Docket No. 5 (R&R at 4). Here, Ms. Nemcik has not made any claim of collusion between the County/DFCS and Mr. Krippendorf.

C.  Third Cause of Action

In the third cause of action, Ms. Nemcik asserts that the City of Palo Alto and the City Police Department have defamed her. The Court dismisses this cause of action because, even if a federal right at issue here, the allegations that these defendants made false reports is entirely conclusory. *Cf. Nemcik v. San Mateo Police Department*, No. C-16-2777 JD (N.D. Cal.) (Docket No. 10) (noting Ms. Nemcik's allegation that "a San Mateo police investigator wrote a false report in 2009, but the complaint provides no factual allegations at all in support of that statement").

3

D.   Fourth Cause of Action

In the fourth cause of action, Ms. Nemcik asserts that all Defendants "have colluded and conspired to interfere with [her] right of due process and constitutional right of companionship and society with her children," as well as her "right to provide care and custody to her children." FAC ¶ 46. The claim seems to be predicated on "false reports that [were] submitted to the Superior Court," which impacted the court's custody decisions. FAC ¶ 47. The Court dismisses this cause of action for failure to state a claim for relief. As discussed above, the claim of false reports is either not substantiated by Ms. Nemcik's own submissions or is entirely conclusory in nature. Moreover, even if they had been, Ms. Nemcik's allegation that there was a conspiracy involving the County, the police, and Mr. Krippendorf are entirely conclusory.

E.   Fifth Cause of Action

In the fifth cause of action, Ms. Nemcik essentially claims that all Defendants have fabricated evidence and that the superior court relied on the fabricated evidence in making its custody-related decisions. Ms. Nemcik asserts that at least some reports that contained false information were submitted to the superior court confidentially but were withheld from her – and she "still has been denied access." FAC ¶ 52. The Court concludes that this claim, like those above, also fails to state a claim for relief. As stated above, the claim of false reports is either not substantiated by Ms. Nemcik's own submissions or is entirely conclusory in nature. Ms. Nemcik's suggestion that a report withheld from her must necessarily contain false information or else it would not have been withheld, *see* FAC ¶ 53, is entirely speculative.

F.   Sixth Cause of Action

In the sixth cause of action, Ms. Nemcik claims that there has been an abuse of process because of the false reports. *See* FAC ¶ 64. Ms. Nemcik also claims that there was a conspiracy between Mr. Krippendorf and the superior court adjudicating the custody and related issues because orders were issued without any hearing and notification to her. *See* FAC ¶ 63. The Court dismisses this cause of action for failure to state a claim for relief. As stated above, the claim that false reports were made are not supported by specific plausible allegations. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (noting that, after the Supreme Court's decisions in

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success'"). As for the alleged conspiracy between Mr. Krippendorf and the superior court, there are no factual allegations to support that conclusory claim.

G. Seventh Cause of Action

In the seventh cause of action, Ms. Nemcik asserts a claim for intentional infliction of emotional distress against all Defendants. Intentional infliction of emotional distress, however, is a state claim, not a § 1983 claim. To the extent Ms. Nemcik has brought a state claim, the Court declines supplemental jurisdiction. *See* 28 U.S.C. § 1367(c) (providing that a court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction"). To the extent Ms. Nemcik purports to be bringing a § 1983 claim, it is, in effect, based on the claims discussed above.

## II. CONCLUSION

For the foregoing reasons, the Court dismisses the first amended complaint. The only issue remaining is whether Ms. Nemcik should be given leave to file a second amended complaint. The Court declines to give Ms. Nemcik leave. Having filed multiple cases in this District, Ms. Nemcik is well aware that a conclusory claim of wrongdoing can lead to dismissal.

Accordingly, the Clerk of the Court shall enter a final judgment in accordance with the above and close the file in this case.

**IT IS SO ORDERED**.

Dated: November 7, 2019

_____
EDWARD M. CHEN
United States District Judge

5